**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

September 12, 2007

VIA ELECTRONIC FILING

Abraham Borenstein, Esq.
Abraham Borenstein & Associates, P.C.
155 Morris Avenue
Springfield, NJ 07081

David Stein, Esq.
Stein Law Firm
25 Philips Parkway
The Empire Corporate Center
Montvale, NJ 07645

    Re:    **Bielory v. Advanced Plant Pharmaceuticals, Inc.**
            **Civil Action: 07-831 (JLL)**

Dear Counsel:

    This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  This matter is resolved without oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.    Factual and Procedural Background**

    Plaintiff, Dr. Bielory, is a medical doctor with offices in Springfield, New Jersey.

---

[1] Although Defendant originally sought dismissal of the Complaint based on (1) lack of subject matter jurisdiction, and (2) statute of limitations grounds, Defendant subsequently withdrew the portion of its motion related to lack of subject matter jurisdiction. Accordingly, the motion presently before this Court seeks dismissal of the instant Complaint solely on statute of limitations grounds.

1

(Compl., ¶ 3). Defendant, Advanced Plant Pharmaceuticals, Inc. ("APPI"), is a pharmaceutical company engaged in the business of developing, packaging and marketing natural plant-derived pharmaceutical products in Rockland County, New York. (Id., ¶ 7).[2]

In or around 1996, Plaintiff entered into an agreement (hereinafter referred to as the "Agreement") with Defendant to provide certain consulting services. (Id., ¶ 6). Under the terms of the Agreement, "APPI would pay Dr. Bielory Two Thousand dollars ($2,000.00) per month beginning on July 1, 1996 for a period of twelve (12) consecutive months with an increase of ten percent (10%) for each consecutive year that Dr. Bielory was retained." (Id., ¶ 8). The Agreement also provided that APPI would pay Plaintiff an hourly rate for certain additional services "in excess of the agreement." (Id., ¶ 9). The Agreement further provided that Plaintiff would receive certain stock options. (Id., ¶ 10).

According to the Complaint, despite the fact that Dr. Bielory "tendered his services to APPI pursuant to this Agreement," "APPI never made any payments to Dr. Bielory as required by the Agreement." (Id., ¶¶ 11, 15). Thus, Plaintiff claims that APPI has materially breached the Agreement, and currently owes Plaintiff $1,225,818.16. (Id., ¶ 18). As a result, Plaintiff commenced the instant cause of action in July 2007 seeking recovery of same.

## II. Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[3] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F.Supp.2d 551, 565 (D.N.J. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl.

---

[2] Jurisdiction is premised on 28 U.S.C. § 1332.

[3] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007).  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236.  With this framework in mind, the Court turns now to Defendant's motion.

### III.     Legal Discussion

Defendant argues that "plaintiff's Complaint establishes that APPI breached a contract with plaintiff in 1996, eleven years ago.  In New Jersey, however, the statute of limitations in an action for recovery upon a contractual claim or liability is six years.  As such, plaintiff's Complaint fails to state a claim upon which relief can be granted." (Def. Br. at 3).

Accepting as true, for purposes of the instant motion, all allegations made by Plaintiff in the Complaint, the Court notes the following: (1) the Agreement at issue was entered into in 1996, (2) under the terms of the Agreement, APPI's first payment to Dr. Bielory was due in July 1996, (3) "APPI never made any payments to Dr. Bielory as required by the Agreement," and (4) Dr. Bielory commenced the instant cause of action in July 2007 – ten years after the first payment under the Agreement was due – seeking reimbursement of monies owed pursuant to the terms of the Agreement.

The Court agrees with Defendant that the statute of limitations for breach of contract claims in New Jersey is six-years.  See N.J.S.A. 2A:14-1.[4]  In light of the foregoing, Plaintiff's Complaint – as currently drafted – fails to state a claim upon which relief may be granted.  However, to the extent that Plaintiff's Complaint can be remedied by an amendment,[5] the Court

---

[4] See Compl., ¶ 13. Moreover, Plaintiff does not dispute that the six-year statute of limitations is applicable to the breach of contract claim. See Pl. Opp'n Br. at 8.

[5] The Court notes the assertion made by Plaintiff – in opposition to Defendnat's motion – that "[t]he six year statute of limitations was tolled by Defendant's partial payment to Plaintiff in the amount of Seven Thousand dollars remitted on April 10, 2007." (Pl. Opp'n Br. at 8).  While Plaintiff argues that, under New Jersey law, "partial payment by a debtor tolls the statute of limitations" (Pl. Opp'n Br. at 8), the Third Circuit has explained that "legal theories set forth in [a party's opposition] brief are helpful only to the extent that they find support in the allegations set forth in the complaint." See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).  Here, although Plaintiff raises the partial payment theory in its opposition brief, Plaintiff's Complaint specifically provides that "APPI never made any payments to Dr. Bielory as required by the Agreement." (Compl., ¶ 15) (emphasis added).

In this Circuit, it is well-settled that a plaintiff may not amend the complaint through statements contained in a brief filed in opposition to a motion to dismiss. See PepsiCo, Inc., 836 F.2d at 181; Shoenfeld Asset Mgmt. LLC v. Cendant Corp., 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001).  Not only is Plaintiff's contention that a partial payment was made by APPI to Dr. Bielory

will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein. Plaintiff's failure to file such an Amended Complaint will result in the dismissal of the instant Complaint, with prejudice.

## IV.  Conclusion

Based on the reasons set forth above, Defendant's motion to dismiss is granted. An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

in April 2007 notably absent from the Complaint, but more importantly, such an allegation expressly contradicts certain statements set forth in the Complaint – namely that "APPI never made any payments to Dr. Bielory." (Compl., ¶ 15). Thus, to the extent that Dr. Bielory wishes to rely on the theory that a partial payment made by APPI tolled the six-year statute of limitations, Plaintiff's Complaint must be amended to reflect factual allegations in support of same.

4